UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REVIS RAY LOFTIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:10-CV-0116-B |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are the Magistrate Judge's Findings, Conclusions, and Recommendation ("F&R") filed July 27, 2011 (doc. 32) on the Defendant Dallas County, Texas' ("Dallas County" or "the County") Motion for Summary Judgment (doc. 15). The Magistrate Judge recommends that the Court grant Dallas County's motion as to Plaintiff's allegations of episodic acts or omissions and deny the County's motion as it pertains to Plaintiff's conditions of confinement claim. Dallas County objects to the F&R, arguing that the Plaintiff's pleadings and summary judgment evidence fall short of establishing a conditions of confinement claim and arguing that the Magistrate Judge erred in finding to the contrary. This Court has conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendation to which Dallas County has filed objections. See 28 U.S.C. § 636(b)(1) (2006); FED. R. CIV. P. 72(b). For the reasons that follow, the Court **OVERRULES** Dallas County's objections and **ACCEPTS** the F&R of the Magistrate Judge in its entirety.

# I.

# BACKGROUND

The relevant background facts, gleaned from the Plaintiff's Complaint, filed January 22, 2010, and recounted by the Magistrate Judge in the F&R, are as follows:

> On August 8, 2007, Plaintiff was booked into the Dallas County Jail on an aggravated sexual assault charge. (Doc. 17-3 at 2, 22-2 at 1). During the intake process, Plaintiff informed the jail staff that he was being treated for high blood pressure, for which he was taking prescribed medication, and that he had previously suffered two strokes. (Doc. 22-2 at 1). In August 2007, Plaintiff "began to feel dizzy," and he claims that many days he did not receive his prescribed medication. *Id.* In November 2007, Plaintiff's prescription was changed, requiring him to receive blood pressure medication twice daily. *Id.* However, Plaintiff avers that "[f]rom the date [his] medication was changed until the date of [his] stroke on January 28, 2007, there were many, many days that [he] got only half of the medication [he] was prescribed." *Id.* at 1-2. Plaintiff states that, on average, he would receive only half of his medication, 2-3 days per week. *Id.* at 2. Plaintiff further asserts that he complained regularly that he was not receiving his blood pressure medication as it was prescribed. *Id.* According to Plaintiff, before he suffered the stroke, he told a guard that he "was feeling sick" and the next thing he remembered was "waking up at Parkland hospital." *Id.*
>
> Prior to Plaintiff's stroke, he was physically fit and ran a lawn care service. *Id.* at 1. Thereafter, Plaintiff avers he has been confined to a wheelchair, is unable to walk more than a few steps, his speech is very slurred, and he has almost no use of his right side. *Id.* at 2.

F&R 1-2.

Also contained in Plaintiff's Complaint are the following allegations with respect to the Dallas County Jail's medical care practices:

> . . . Defendant Dallas County deprived Plaintiff Revis Ray Loftis and other pretrial detainees of the rights and privileges secured to them by the Eighth and/or Fourteenth Amendments to the United States Constitution and by other laws of the United States by failing to provide constitutionally adequate medical treatment. Plaintiff pleads his case under the alternative theories of conditions of confinement and episodic acts or omissions.
> . . . As described herein/ the constitutionally inadequate system of medical care – the conditions at the Dallas County Jail – caused Plaintiff to suffer a

deprivation of his constitutional rights. These conditions of Plaintiff's confinement as set forth in this Complaint were not reasonably related to a legitimate governmental purpose. These conditions amounted to punishment before Plaintiff was judged guilty and thus violated due process of law. Dallas County's intent to punish Plaintiff may be inferred from its decision to expose pretrial detainee such as Plaintiff to an unconstitutional condition. In other words, an official intent to punish may be presumed when a Plaintiff attacks general conditions, practices, rules, or restrictions of pretrial confinement.

. . . Dallas County is liable to the Plaintiff under 42 U.S.C. § 1983 for creating, maintaining, and perpetuating the conditions of confinement that resulted in the constitutionally inadequate medical care at its Jail . . . .

. . . The challenged conditions set forth herein violated Plaintiff's constitutional rights and were the foreseeable product of the Dallas County Jail's long-term underfunding and inadequate staffing regarding the provision of medical care, because the conditions prevented confined persons such as Plaintiff from receiving constitutionally adequate medical care. As Plaintiff shows herein, serious injury and death were the inevitable results of the Dallas County Jail's gross inattention to the needs of inmates with chronic illness such as Plaintiff. In the absence of any legitimate penological or administrative goal, this amounts to punishment.

. . . At all relevant times, there was deficient medication administration at the Dallas County Jail. The Jail frequently failed to: administer medication in accordance with prescriptions, maintain inmate medication administration records concurrently with distribution, and follow general standards of care to monitor and adjust inmates' prescribed medication regimens. At the Dallas County Jail, inmates like the Plaintiff routinely missed doses of life-sustaining medications.

. . . At all relevant times, the inability of inmates with chronic illnesses to promptly get medicines ordered from a physician was a significant problem in the Dallas County Jail. Additionally, the method of monitoring chronic illness patients at the Jail was poor to non-existent. Consequently, many inmates such as Revis Ray Loftis failed to receive medication for chronic illnesses such as hypertension.

. . . At all relevant times, another significant deficiency at the Dallas County Jail was inadequate staffing, training, and supervision. The Jail maintained an insufficient number of medical and custody staff to provide adequate medical services. Delays in access to medical care were exacerbated by an insufficient number of staff trained to identify, respond, and provide the necessary medical treatment.

. . . At all relevant times, the process for evaluation of inmates with chronic illnesses was grossly inadequate. There has been a long history of neglect of the inmates with chronic illnesses at the Dallas County Jail.

. . . At all relevant times, this situation was exacerbated by grossly inadequate procedures for sick call and inmate requests for care. The procedures in place suppressed utilization of medical services by virtue of the multiple barriers to access. Moreover, the staffing levels at the jail were inadequate and below standards of care

>
> in correction facilities.
>
> . . . Numerous examples of the constitutionally inadequate medical care in the Dallas County Jail are set forth in the February 2005 Report on the Medical and Mental Health Programs of the Dallas County Jail by Health Management Associates and further confirmed in the December 8, 2006 Report of the U.S. Department of Justice ("DOJ") Investigation of the Dallas County Jail. The DOJ, pursuant to its statutory requirements under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, conducted an investigation in early 2006 and concluded that conditions of confinement at the Dallas County Jail violated the inmates' constitutional rights. These unconstitutional conditions did not improve, but have continued after the initial DOJ investigation, and the Dallas County Jail is currently under federal supervision resulting from a consent decree in a lawsuit subsequently brought by the DOJ against Dallas County. DOJ investigators continue to monitor the Jail every 90 days.
>
> . . . Additionally, Dallas County's failure to provide proper medical care to Plaintiff as well at other inmates incarcerated in the Dallas County Jail constitutes deliberate indifference to the serious medical need of Plaintiff and others. Specifically, with respect to Plaintiff, Defendant's deliberately indifferent actions and/or inactions exposed Plaintiff to a serious risk of substantial harm and, in fact, caused substantial harm to Plaintiff as described above. By it actions and/or inactions as described above, Defendant has violated 41 U.S.C. § 1983 and the constitutional provisions cited herein.

Compl. ¶¶ 11-21.

On February 3, 2011, Dallas County filed its motion for summary judgment, arguing that the case should be dismissed because Plaintiff's allegations failed to support a conditions of confinement claim and, if anything, supported an episodic act or omission claim. As an episodic act or omission case, Dallas County reasoned, Plaintiff's case fails because he cannot establish that jail officials acted with "subjective deliberate indifference" to Plaintiff's serious medical needs, an essential element to prevail under an episodic act or omission theory. In his response to the County's motion, Plaintiff withdrew his episodic act or omissions claim, declaring his intention to rely solely upon his conditions of confinement theory. In support of his conditions of confinement claim, Plaintiff appended several exhibits to his response.

Dallas County's motion for summary judgment was referred to the Magistrate Judge for recommendation. The Magistrate Judge's F&R, the subject of the instant analysis, centered upon two issues: first, whether Plaintiff's *pleadings* adequately alleged a conditions of confinement claim and second, assuming the conditions of confinement allegations withstood scrutiny, whether Plaintiff's summary judgment evidence raised a genuine issue of fact as to whether Dallas County subjected Plaintiff to unconstitutional conditions of confinement with respect to his medical care. The Magistrate Judge found in favor of Plaintiff on both issues and accordingly recommended denying Dallas County's motion for summary judgment.[1] Dallas County filed objections to the F&R, reiterating the County's position that Plaintiff's factual allegations fell short of establishing a conditions of confinement claim and that, even assuming his pleadings were sound, his summary judgement evidence failed to raise a genuine issue of a material fact on his conditions of confinement claim. The Magistrate Judge's F&R and Dallas County's objections thereto are now ripe for resolution.

## II.

## ANALYSIS

*A.    The Pleadings*

The Court turns first to the issue regarding whether Plaintiff's *pleadings* sufficiently allege a conditions of confinement claim. Dallas County maintains that, although Plaintiff complains generally about the Dallas County Jail's medical care practices and policies in his pleadings, because

---

[1] The Magistrate Judge recommended that Dallas County's motion for summary judgment be granted as to Plaintiff's "episodic act or omissions" claim given Plaintiff's withdrawal of that claim. That portion of the F&R is not contested and thus not part of this Court's analysis.

the thrust of his complaint and corresponding alleged injury are based upon specific acts and omissions of the jail staff, that his claim is more appropriately categorized as an episodic acts or omissions claim. Def.'s Obj. 3-4. The Court disagrees and notes that the County's argument has been previously rejected by other courts in this same civil rights/medical care context also involving the Dallas County Jail.

In *Palo v. Dallas County*, 2007 WL 2140590 (N.D. Tex. July 26, 2007), a district court rejected an almost identical argument by Dallas County under similar factual circumstances as those at hand. There, the court noted that, although a portion of the plaintiff's complaint focused on the acts or omissions of specified nurses and jail officers, because the complaint also attacked the "Jail medical care system itself" and alleged that "the inadequate system of medical care caused him to suffer a deprivation of his constitutional rights," the pleadings withstood muster as a conditions of confinement claim. *Id.* at *4-5. The plaintiff's pleading in *Palo*, portions of which were quoted by the district court in support of its ruling, were very similar in tone and content to those challenged in this case. *Id.* at *4-5.[2] In both *Palo* and this case the plaintiffs alleged, *inter alia*, that the harm they

---

[2] For example, the district court in *Palo* quoted the following excerpt in support of its determination that the plaintiff had sufficiently alleged a conditions of confinement claim:

> Defendants, acting pursuant to official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of [the plaintiff], and all other detainees in the Dallas County Jail facilities failed to implement the policies, procedures, and practices necessary to provide constitutionally adequate medical care and services. The policies, procedures, and practices which have been implemented actually may have interfered with, or prevented [the plaintiff] from receiving adequate and necessary medical care and services.

*Palo,* 2007 WL 2140590, at *5 (internal citations omitted). In this case, Plaintiff similarly alleges:

> As described herein, the constitutionally inadequate system of medical care – the conditions at the Dallas County Jail – caused Plaintiff to suffer a deprivation of his constitutional rights.

suffered was caused by the "inadequate system of medical care." Compl. ¶ 12; *Palo,* 2007 WL 2140590, at *4. Other courts, in cases also involving allegations of unconstitutional medical care at the Dallas County Jail, and in which almost identical challenges to the pleadings were raised by Dallas County, have similarly rejected the County's arguments. *See Shepherd v. Dallas County*, 591 F.3d 445, 452-53 (5th Cir. 2009); *Shepherd v. Dallas County*, 2008 WL 656889, at *4-5 (N.D. Tex. Mar. 6, 2008).

So too here, the County's arguments fall short of their mark. Rule 8(a) of the Federal Rules of Civil Procedure requires only that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Plaintiff in this case has more than adequately satisfied that standard in pleading a conditions of confinement claim. His pleadings detail the alleged unconstitutional medical care policies at the Dallas County Jail. Although he also complains about individuals at the Jail who were responsible for and who failed to properly administer his medication, the clear thrust of his case – as detailed in his pleadings – is his assertion that his injuries were *caused* by the Dallas County Jail's unconstitutional medical care *policies* as those policies were carried out by Jail's staff. *See Palo*, 2007 WL 2140590, at *4-5(finding sufficient

---

> These conditions of Plaintiff's confinement as set forth in this Complaint were not reasonably related to a legitimate governmental purpose. These conditions amounted to punishment before Plaintiff was judged guilty and thus violated due process of law. . . .
> . . . The challenged conditions set forth herein violated Plaintiff's constitutional rights and were the foreseeable product of the Dallas County Jail's long-term underfunding and inadequate staffing regarding the provision of medical care, because the conditions prevented confined persons such as Plaintiff from receiving constitutionally adequate medical care. As Plaintiff shows herein, serious injury and death were the inevitable results of the Dallas county Jail's gross inattention to the needs of inmates with chronic illness such as Plaintiff. In the absence of any legitimate penological or administrative goal, this amounts to punishment.

Compl. ¶¶ 12, 14.

allegations of a conditions of confinement claim where the plaintiff did not focus solely on the acts or omissions of the jail staff, but also attacked "the Jail medical care system itself"). In other words, although a portion of Plaintiff's pleadings may be read to implicate the acts of individuals, Plaintiff's "'complained-of harm' is alleged to be the product of the 'general conditions, practices, rules' and 'restrictions of pretrial confinement.'" *Id.* at *2 (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc)). As such, the Court finds that the Plaintiff has sufficiently alleged a conditions of confinement claim in this case and overrules Dallas County's objections to Plaintiff's pleadings.

B.   *The Summary Judgment Evidence*

Dallas County challenges Plaintiff's summary judgment evidence on two fronts. First the County argues that Plaintiff's evidence, comprised of seven exhibits, is not competent summary judgment evidence. Second, the County argues that, even if the evidence is competent for consideration by the Court, that it fails to raise a genuine issue of fact as to Plaintiff's conditions of confinement claim.

Turning first to Dallas County's challenge to the competency of Plaintiff's summary judgment evidence, the Court notes that these precise objections were considered in detail and rejected by the Magistrate Judge in her F&R. The evidence in question includes: the Declaration of Plaintiff's Attorney Don Title; the Declaration of Plaintiff Revis Ray Loftis; the Parkland Hospital discharge summary pertaining to Loftis; the Declaration and CV of Plaintiff's expert Dr. Joel L. Nitzkin; a Report by Health Management Associates (HMA) on the health programs at the Dallas County Jail; a Report from the Department of Justice (DOJ) on the Dallas County Jail; and Dr. Puisis's Second Monitoring Report for the Dallas County Jail. In her F&R, the Magistrate Judge described the

contents of each of theses exhibits in detail. F&R 8-13. The Magistrate Judge then separately addressed and overruled each of Dallas County's objections to the exhibits. *Id.* at 9-11, nn. 2-4. This Court has reviewed *de novo* the Magistrate Judge's reasons for overruling Dallas County's objections to Plaintiff's summary judgment evidence. Having done so, the Court agrees with the rulings of the Magistrate Judge regarding the summary judgment exhibits as well as her reasons for so ruling, and the Court overrules Dallas County's objections to the F&R in this regard.

Finally, Dallas County maintains that the Plaintiff's summary judgment proof fails to raise a fact issue as to certain essential elements of his conditions of confinement claim and, therefore, the County's motion for summary judgment must be granted. Specifically, Dallas County argues that Plaintiff's summary judgment proof fails to raise a fact issue as to: 1) whether the Plaintiff received an inadequate level of medical care as a result of the general conditions of his confinement in the Dallas County Jail which constituted inhumane treatment or punishment; 2) whether County officials were aware that the level of medical care in the Dallas County Jail was inadequate or that it constituted inhumane treatment or punishment of the Plaintiff; 3) whether the level of medical care provided to the Plaintiff in the jail was related to a legitimate governmental objective; and 4) whether the general conditions of confinement at the Jail were the cause, in fact, of an injury to the Plaintiff. Def.'s Obj. 7.

Each of the foregoing alleged shortcomings argued by Dallas County to be fatal to Plaintiff's opposition to the County's motion for summary judgment were considered and rejected by the Magistrate Judge. The Magistrate Judge thoroughly addressed each of the County's points, and, as to each, found that Plaintiff had, by virtue of his sworn declaration, his expert Dr. Nitzkin's declaration, the HMA and DOJ reports, and Dr. Puisis's second monitoring report, raised a genuine

issue of fact sufficient to overcome summary judgement on his conditions of confinement claim. F&R 8-16.

After a *de novo* review of the record, based on Dallas County's objections to the F&R, the Court agrees with the reasoning of the Magistrate Judge that Plaintiff has submitted sufficient summary judgment evidence to raise a genuine issue of fact as to his conditions of confinement claim. In accepting the Magistrate Judge's findings and conclusions as to the admissibility and sufficiency of Plaintiff's summary judgment evidence, the Court notes the striking similarity of Plaintiff's exhibits to the evidence accepted by the district court in *Palo*. Specifically, the district court in *Palo* overruled similar objections by Dallas County in that case to almost identical exhibits submitted by the plaintiff in attempting to overcome Dallas County's motion for summary judgment. *Palo*, 2007 WL 2140590, at *10. ("Considering the central intake form, Palo's affidavit, and the HMA and DOJ Reports, the court concludes that Palo has adduced sufficient evidence to enable a reasonable jury to find that while [plaintiff] was incarcerated, he was deprived of adequate medical care.") Accordingly, the Court overrules Dallas County's objections regarding the Plaintiff's summary judgment evidence and adopts the F&R in this regard.

## III.

## CONCLUSION

In conclusion, this Court has conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendation to which Dallas County has filed objections. 28 U.S.C. § 636(b)(1) (2006); FED. R. CIV. P. 72(b). For the foregoing reasons, the Court **OVERRULES** Dallas

County's objections and **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge in its entirety.[3]

    **SO ORDERED.**

    **SIGNED: September 14, 2011.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] In so doing the Court does not intend to include any finding or conclusion regarding Dallas County's counsel's argument mentioned in the F&R at footnote 1.